```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

CHICAGO TEACHERS UNION, LOCAL 1,)
et al.,                         )
                                )
          Plaintiffs,            )
                                )
     v.                          )    No.  12 C 10338
                                )
BOARD OF EDUCATION OF THE CITY  )
OF CHICAGO,                     )
                                )
          Defendant.             )

## MEMORANDUM ORDER

After receiving two non-objected-to extensions of time--the second running to March--to file a responsive pleading to the Amended Complaint ("Complaint") in this action, defendant Board of Education of the City of Chicago ("Board") filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion seeking the dismissal of Chicago Teachers Union Local 1 ("Union") as a plaintiff based on an asserted conflict of interest. Union has timely responded with a memorandum in opposition to that motion, and this memorandum order is triggered by the need to address the next steps in the litigation.

To begin with, some years ago this Court abandoned what had been its customary scheduling of a nearly automatic one-two-three sequence for the briefing of contested motions--an abandonment that was occasioned because all too often reply memoranda tended to add little to the decisional process, frequently doing nothing more than repeating in paraphrased form what had been presented

in the movant's initial memorandum.  For that reason this Court's most recent practice has been to schedule a responsive memorandum, followed shortly thereafter by a scheduled status hearing to see whether the movant or this Court saw a real need for a reply to address any matters that had not been adequately covered the first time around.  In this instance, however, no such early follow-up status hearing was ordered--instead the next status hearing was not scheduled until several months out.

This Court's current review of the parties' opposing memoranda, however, calls for a reply that does <u>not</u> thresh old straw, but instead deals with any matters raised by Union's response that Board's counsel believes were not fully covered in Board's initial offering.  Given that limited scope, a filing on or before April 19, 2013 should be adequate to the task, and this Court so orders.

There is more as well.  In addition to Union, this action has been brought by several individual plaintiffs who are independently represented.  There is no justification for extending this case longitudinally by focusing solely on Union's status before the case goes forward.

Accordingly Board is ordered to file a reply memorandum, focused as stated earlier, on or before April 19.  And because the case will go forward between Board and the individual plaintiffs in all events, Board is ordered to file an Answer to

the Complaint on or before that same date, with meaningful discovery to go forward even while Board's motion for the dismissal of Union from the litigation is under consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 1, 2013