IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TEACHERS UNION, LOCAL 1, AMERICAN FEDERAL OF TEACHERS, AFL-CIO, TERRI FELLS, LILLIAN EDMONDS, and JOSEPHINE HAMILTON PERRY, individually and on behalf of all similarly situated persons,<br><br>  Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate,<br><br>  Defendant. | Case No. 12 C 10338 |

## MEMORANDUM

On May 22, 2015 this Court issued its comprehensive memorandum opinion and order (the "Opinion") that in principal part granted the motion of plaintiff Chicago Teachers Union and the individual plaintiffs for class certification and that concluded by setting the next status hearing for June 1. On that date the status hearing was reset to June 15. Then on June 5, exactly 14 days after this Court's issuance of its Opinion, defendant Board of Education of the City of Chicago ("Board") filed a purported Fed. R. Civ. P. ("Rule") 23(f) petition for interlocutory review, although Board's counsel did not comply with this District Court's LR 5.2(f) that requires the prompt delivery of a paper copy of that and all other court filings to the chambers of the assigned judge.[1]

---

[1] There is a very good reason for the universal colloquial reference to such paper copies as "courtesy copies." This Court is at a loss to understand why anything but a lack of courtesy
(continued)

When this Court learned of Board's filing as a result of its regular review of the summary listing of ECF filings available for examination via its iPhone, it promptly brought the first few pages of the document up on the computer screen for examination and found that Board had filed what it characterized as a notice of appeal -- but what Board and its counsel did <u>not</u> do was to comply with the straightforward and unambiguous requirement imposed by the very Rule 23(f) that its counsel has sought to invoke.

Rule 23(f) expressly requires a putative appellant to file a petition for permission to appeal within a 14-day time frame from the entry of the District Court's certification -- a time frame under which the Board has chosen to come in just under the wire:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule <u>if a petition for permission to appeal is filed with the circuit clerk</u> within 14 days after the order is entered.

Yet without so much as a by-your-leave Board's counsel took it on themselves to answer the question that Rule 23(f) has unequivocally assigned to our Court of Appeals for decision. This Court of course leaves to the Court of Appeals the question whether Rule 23(f) should be enforced as plainly written, in which event Board's attempted appeal would be out of time, or whether instead some judicial editing of the Rule's clear language may be employed to excuse Board's unexplained noncompliance. This Court expresses no substantive view on that subject,

---

(footnote continued)
could account for defense counsel's non-delivery -- prompt or otherwise -- of their 158-page filing [Dkt. No. 99], particularly in the face of this Court's express website provision that underscores its alignment among the judges in this district who require such physical delivery rather than nothing more than an electronic filing (a matter that LR 5.2(f) has deliberately left to "dealer's choice").

but it believes that it would have been remiss if it did not bring that noncompliance to the attention of the Court of Appeals.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 15, 2015