# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CHICAGO TEACHERS UNION, LOCAL 1, AMERICAN FEDERAL OF TEACHERS, AFL-CIO**, **TERRI FELLS, LILLIAN EDMONDS**, and **JOSEPHINE HAMILTON PERRY**, individually and on behalf of all similarly situated persons,<br><br>                  Plaintiffs,<br><br>   v.<br><br>**BOARD OF EDUCATION OF THE CITY OF CHICAGO**, a body politic and corporate,<br><br>                  Defendant. | Case No. 12 C 10338 |

## **MEMORANDUM**

This Court has just received a copy of the "Petition of Defendant-Appellant Board of Education of the City of Chicago for Permission To Appeal Pursuant To Federal Rule of Civil Procedure 23(F)," filed last Friday before the Court of Appeals. Because that filing has seriously altered the thrust of this Court's April 28, 2017 memorandum opinion and order (the "Opinion") -- something of which Board's counsel has to be well aware from the extended in-court colloquy among counsel for the parties and this Court on that date -- this memorandum is issued in the hope that the Court of Appeals will not be misled by the filing.

It should first be noted that this is not the first effort by Board's counsel to seek an interlocutory review of class certification in this action under Fed. R. Civ. P. 25(f). Almost exactly two years ago (in Dkt. No. 96 dated May 22, 2015) this Court granted the motion of plaintiff Chicago Teachers Union and its three individual co-plaintiffs (collectively "Teachers

Union" for convenience) for class certification.[1] Two weeks later Board's counsel filed a Rule 23(f) petition for interlocutory review (Dkt. No. 99 dated June 5, 2015), and after the parties' completion of their briefing on the matter before the Court of Appeals it issued an order (Dkt. No. 104 dated August 19, 2015) that denied the Board's petition for interlocutory review.

It should be made clear, as the Opinion stated, that this Court has not at all subscribed to Teachers Union's awkward use of the word "terminated" in its earlier versions of its Complaint. Indeed, as pages 2 through 4 of the Opinion were careful to point out, <u>both</u> Board's counsel and Teachers Union's counsel have used the terms "termination" and "layoff" as synonymous in the context of their dispute. In fact the Board's counsel have themselves expressly recognized that Teachers Union was claiming and had always claimed that there was a disparate impact on African-American members of Teachers Union resulting from the <u>layoffs</u> that took place following the 2010-2011 school year (see the language employed by Board's counsel separately and in their joinder in the joint report by counsel for the litigants on both sides, as quoted at pages 3 and 4 of the Opinion -- language that Board's counsel employed this past year <u>after</u> the rejection of Board's attempted interlocutory appeal referred to earlier in this memorandum).

This action is already longer in the tooth than it should be, a product of course of its complexity as well as of the parties' extensive battles on every aspect of the lawsuit. As the April 28 Opinion concluded:

> This opinion's issuance has been accelerated to enable the earlier scheduled May 1 status hearing to be held, at this point for purposes of discussing the future course of the litigation.

---

[1] That issue, like every other dispute in this litigation, had been the subject of extensive contested submissions by the parties.

- 2 -

In this Court's view no one's interest would be served by a time-consuming longitudinal extension of the litigation process as the result of what it views as a mischaracterization of its ruling by Board's counsel.

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: May 15, 2017